## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Antoinette Smith, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          - against -<br><br>Apple Inc.,<br><br>                    Defendant | 1:21-cv-03657<br><br><br>Class Action Complaint<br><br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Apple Inc. ("defendant") manufactures, markets and sells smartphones under the iPhone brand, purporting to be capable of sustaining limited contact and/or immersion in water for finite period of time ("Products").

I.   Importance of Water Resistance Feature

2.     According to reports, the number of smartphones offering resistance against damage from water and other liquids has grown 45% since 2016, while non-water-resistant smartphones have declined 16%.

3.     Approximately 100,000 smartphones are damaged by water or other liquids every day in the United States.

4.     The costs are significant to users, who must repair or replace expensive devices, and to the environment, when a device is discarded.

5.     This "hidden tax" due to the inability to withstand even minimal contact and immersion in water costs American consumers over $10 billion each year.

6.     With increasing adoption and usage of smartphones, there is a greater risk of

accidents.

7.    In fact, accidental damage is responsible for 95% of smartphone failures.

8.    35% of all smartphone failures are due to liquid damage, such as accidental and temporary contact and/or immersion in water.

9.    Recognizing the importance of water-protective features, the International Electrotechnical Commission ("IEC") developed ingress protection ("IP") standards.

10.    This allows manufacturers of electronics to certify to purchasers that their devices are capable of varying levels of resistance to dust and water, i.e., IP68.

11.    The first digit ("6") corresponds to dust protection and the second ("8") to water protection.

12.    While Apple has been at the forefront of many smartphone innovations, its adoption of water-protection features came after the success of Samsung and Huawei devices introduced these features.

II.  Defendant's Promotion of Water-Resistant Attributes of the iPhone

13.    Since the introduction of the iPhone 7 in 2016, defendant has marketed its devices as offering no less than "IP67" protection.

14.    The iPhone 8 is rated IP67, promising water resistance to a depth of 1 meter for up to 30 minutes.

15.    The iPhone 11 Pro and iPhone 11 Pro Max are rated IP68 under IEC standard 60529, promising water resistance to a depth of 4 meters for up to 30 minutes.

16.    At its release, the iPhone 11 was described by defendant as the most water-resistant iPhone, that was not afraid of splashes or even dips, resistant to double the depth of the prior iPhone.

17.    The iPhone 12 models are rated IP68 under IEC standard 60529, promising water resistance to a depth of 6 meters for up to 30 minutes.

18.    Defendant's marketing and advertising emphasize the water-resistance and impermeability of the devices to water by showing them being splashed, immersed in water and/or hit with powerful jets of water.

19.    The promotion of the Products' water-resistant qualities is insufficiently qualified by fine print disclaimers.

20.    First, the IP certification levels are based on highly controlled laboratory conditions, with static and pure water.

21.    In everyday usage, the water devices encounter is not static and purified, but contains various minerals, chemicals and other elements.

22.    This means that consumers who stand at the edge of a pool or ocean and whose devices are splashed or temporarily immersed, will be denied coverage, because the water contained chlorine or salt.

23.    Second, defendant's disclaimers – in print, television and online – purport to limit the Products' one-year warranty to exclude damage caused by liquids.

> Splash, drop, and dust resistance are not a permanent feature and may decrease with normal wear. Don't try to charge your iPhone when it's wet; consult the manual to clean and dry it. The warranty does not cover damage proven by liquids.

24.    When a user seeks coverage under the warranty based on the "water-resistant" attributes of the device, the first step will verify if the liquid contact indicator ("LCI") has turned red, a sign that liquid has entered the device.

25.    There is no inquiry into whether the triggering of the LCI was due to "unauthorized or improper use."

26.    Defendant's water-resistant representations include resistance to accidental spills from common liquids, such as soda, beer, coffee, tea and fruit juices.

27.    In the event of such a spill, defendant instructs users to rinse the affected area of their device.

28.    However, defendant will often use the rinsing of the device as a pretext to deny coverage, even though it explicitly instructs users to take this step.

29.    Defendant's attempts to disclaim coverage through the fine print of its terms and conditions which exclude repair when damage is due to contact and/or immersion with water, according to the specific IP level of the device, is unconscionable and deceptive, considering its marketing of the devices as "water-resistant."

30.    Defendant's marketing and advertising make general claims that are applicable to a range of devices, even though the specific models vary with respect to their IP level.

31.    The vast majority of iPhones sent for service related to potential liquid damage were not repaired under the warranty and costs were charged to consumers.

32.    No mechanisms exist for users to contest defendant's conclusions that their devices were subject to improper usage in sustaining apparent water damage.

III. Conclusion

33.    Reasonable consumers viewing defendant's marketing and advertising of the Products' water-resistant qualities will expect they can sustain contact with water through splashes and/or immersions, in accordance with the IP certification level of their device.

34.    Defendant fails to clarify the differences between water-proof and water-resistant, and its marketing and promotions conflate the two in the perceptions of consumers.

35.    This is due in part to the emphasis on maximum depth and the time limit the devices are capable of "resisting" – avoiding harm from – water.

36.    Reasonable consumers are unable to perceive the artificial distinction that defendant has established between water resistant and impermeable to water ("waterproof").

37.    Technology exists and is feasible to waterproof defendant's smartphones, but they know that when a consumer has a damaged phone, they will have no choice but to buy a new one or pay for costly repair services.

38.    Reasonable consumers must and do rely on defendant to honestly describe the components and features of the Products.

39.    Defendant misrepresented the Product through affirmative statements, half-truths, and omissions.

40.    Defendant sold more of the Products and at a higher prices than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

41.    Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

42.    Plaintiff paid more for the Product based on the representations than she would have otherwise paid.

43.    As a result of the false and misleading representations, the Products are sold at premium prices.

44.    At the time the iPhone 8 was released, it cost upwards of $1000.

45.    The iPhone 12 Pro Max costs over $1500.

46.    Average smartphones cost several hundred dollars.

47.    The newest iPhones regularly cost more compared to other similar top-of-the-line smartphones, represented in a non-misleading way, regarding their resistance to water and liquid contact, and higher than they would be sold for absent the misleading representations and omissions.

### Jurisdiction and Venue

48.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

49.    Plaintiff Antoinette Smith is a citizen of New York.

50.    Defendant Apple Inc. is a California agricultural cooperative corporation with a principal place of business in Cupertino, Santa Clara County, California.

51.    Diversity exists because plaintiff Antoinette Smith and defendant are citizens of different states.

52.    Upon information and belief, sales of the Products and any available statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

53.    Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – the purchase of plaintiff and her experiences identified here.

### Parties

54.    Plaintiff Antoinette Smith is a citizen of Bronx, Bronx County, New York.

55.    Defendant Apple Inc. is a California corporation with a principal place of business in Cupertino, California, Santa Clara County.

6

56.     Defendant markets, distributes, and sells the iPhone, the leading mobile smartphone in the world.

57.     The iPhone has changed the way people access information and communicate, and caused changes in numerous industries, i.e., private car services.

58.     Plaintiff Smith bought the iPhone 8, marketed as water-resistant, directly from defendant.

59.     Plaintiff Smith's iPhone 8 experienced contact and/or immersion with water consistent with the IP rating of her device and consistent with how the water-resistant attributes were presented in the marketing and advertising of the device.

60.     Plaintiff Smith's device was not water resistant as exposure to water of the type and manner contemplated by the device's IP level caused damage to her device.

61.     Plaintiff Smith presented to defendant for coverage for her device which had sustained water contact and/or immersion of the type associated with the device's IP rating.

62.     Defendant denied coverage for Plaintiff Smith's device, forcing her to incur financial loss through repair costs, decreased functionality, a lower re-sale value, and/or purchase of a new device.

63.     Plaintiff bought the device because she uses a smartphone every day and like most smartphone users, her device may experience limited water contact and/or immersion.

64.     The representations concerning water resistance were a major selling point.

65.     Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

66.     The Products were worth less than what Plaintiff and consumers paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

67.    Plaintiff intends to, seek to, and will purchase the Product again when she can do so with the assurance that Product's representations about its ability to withstand contact with water are consistent with the typical, everyday usage of smartphone users, instead of based on controlled laboratory conditions.

<u>Class Allegations</u>

68.    The class will consist of all purchasers of the Products who reside in New York during the applicable statutes of limitations.

69.    Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

70.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

71.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

72.    Plaintiff is an adequate representative because her interests do not conflict with other members.

73.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

74.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

75.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

76.    Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350

(Consumer Protection Statute)

77.   Plaintiff incorporates by reference all preceding paragraphs.

78.   Plaintiff and class members desired to purchase a smartphone that was resistant and/or impermeable to water in the manner exhibited by the marketing and promotion for the Products and consistent with the IP levels of their devices.

79.   Defendant's denials of the warranty claims made by plaintiff and consumers were made in bad faith, especially because the Products were marketed as having various degrees of resistance and impermeability to water.

80.   Defendant's false and deceptive representations and omissions are material in that they influenced purchasing decisions.

81.   Defendant misrepresented the Products through statements, omissions, ambiguities, half-truths and/or actions.

82.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

83.   The Product was manufactured, labeled and sold by defendant and expressly and impliedly warranted to plaintiff and class members that it possessed protective and resistant qualities with respect to waters and liquids which it did not.

84.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Products and honor its warranties.

85.   This duty is based on Defendant's outsized role in the market for this type of Product – one of the world's biggest companies and a known leader in innovation and customer satisfaction.

86.   Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

87.   Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices over the past several years.

88.   In November 2020, the Italian Competition Authority ("AGCM") fined Apple 10 million euros (around $12 million) for making misleading claims about the water-resistant and implied waterproof attributes of its iPhones, starting with the iPhone 8 and 8 Plus, in 2017.[1]

89.   The AGCM's investigation commenced at least a year and a half prior to the recent decision, and defendant was aware that consumers, such as plaintiff, were misled through the promotion of the Products as water-resistant and impermeable to water to various depths for different periods of time.

90.   The Products did not conform to their affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

91.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

92.   Defendant had a duty to truthfully represent the Products, which it breached.

---

[1] Autorità Garante della Concorrenza e del Mercato or AGCM.

93.    This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type – the leading smartphone company which introduced the iconic iPhone.

94.    Defendant promotes itself as a "good" corporate citizen not only concerned with maximizing shareholder profits but "playing fair" with its customers.

95.    The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

96.    Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchases of the Products.

97.    Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

98.    Defendant misrepresented and/or omitted the attributes and qualities of the Products.

99.    Defendant's fraudulent intent is evinced by its failure to accurately disclose these issues when it knew not doing so would mislead consumers.

<u>Unjust Enrichment</u>

100.    Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

 **WHEREFORE**, Plaintiff prays for judgment:

1.    Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

11

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4.  Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   April 24, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com

1:21-cv-03657
United States District Court
Southern District of New York

Antoinette Smith, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Apple Inc.,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
 Great Neck NY 11021-3104
   Tel: (516) 268-7080
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  April 24, 2021

/s/ Spencer Sheehan
Spencer Sheehan